**Yitzchak Zelman, Esq.**
**California Bar No. 350053**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| **TRAVIS ROGERS,**<br><br>**Plaintiff,**<br>**v.**<br><br>**MERIWEST CREDIT UNION, and PARAMOUNT RECOVERY SERVICE,**<br><br>**Defendants.** | **Civil Action No.**<br><br>**CIVIL ACTION COMPLAINT** |

**INTRODUCTION**

Plaintiff TRAVIS ROGERS (hereinafter, "Plaintiff"), a California resident, brings this complaint by and through the undersigned attorneys, against Defendant MERIWEST CREDIT UNION, and Defendant PARAMOUNT RECOVERY SERVICE (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C.

§ 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants unlawfully repossessed his vehicle in breach of the peace, thereby violating California Commercial Code § 9609 and the Rosenthal Fair Debt Collection Practices Act. Plaintiff also brings a claim against Defendant PARAMOUNT RECOVERY SERVICE for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, and punitive damages as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff Travis Rogers is a natural person and a resident of Kern County, California and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3) and Cal. Civ. Code § 1788.2(e).

6. Defendant Meriwest Credit Union ("MERIWEST") is a financial institution with its principal place of business located in San Jose, California.

7. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant

Meriwest is a "creditor," as defined in the FDCPA under 15 U.S.C. § 1692a(4).

8. Defendant Paramount Recovery Service ("PARAMOUNT") is a repossession company, with its principal place of business in Redding, California.

9. Defendant PARAMOUNT is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant PARAMOUNT is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. The Plaintiff owns a 2018 Toyota Tacoma (the "Vehicle"), which was financed through a loan with Defendant MERIWEST.

12. Plaintiff purchased and used the Vehicle for personal, family, and household use.

13. Sometime prior to April 15, 2025, Plaintiff fell behind on his payments to MERIWEST after losing his job.

14. The MERIWEST loan obligation is a 'debt' as defined by 15 U.S.C. § 1692a(5).

15. As a result, MERIWEST contracted with Defendant PARAMOUNT to

repossess the Plaintiff's vehicle.

16. On or about April 15, 2025, at approximately 11:00 a.m., Plaintiff was in his garage when he noticed a tow truck, later identified as the Defendants' repo agent's tow truck, backing up towards his Vehicle.

17. Plaintiff immediately went outside and entered his Vehicle in order to physically stop the repossession.

18. Plaintiff then started the Vehicle and put it in reverse, but the Defendants' repo agent, undeterred, proceeded to hook the Vehicle and lift it in the air while Plaintiff remained inside the Vehicle.

19. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

20. Defendants' repossession agent knew or should have known that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage but did so anyway.

21. Plaintiff immediately objected to the repossession, telling the Defendants' repo agent to put the Vehicle down, and that he would pay the outstanding balance on the auto loan.

22. Defendants' repo agent refused and falsely advised Plaintiff that there would

be legal consequences if Plaintiff continued interfering with the repossession.

23. Plaintiff continued to object to the repossession and while the Vehicle remained lifted in the air with Plaintiff seated inside, contacted Defendant MERIWEST to make his auto loan payment over the phone, but MERIWEST's representative was uncooperative.

24. Despite Plaintiff's clear, repeated and unequivocal objections, Defendants' repo agent insisted that the repossession would proceed regardless and ultimately carried out the repossession of Plaintiff's occupied Vehicle.

**<u>COUNT I</u>**

**Violations Of The Fair Debt Collection Practices Act**

**15 U.S.C. §1692f *et seq.***

**(Against Paramount Recovery Service)**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 11-24 above herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff brings this Count against Defendant PARAMOUNT.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or

disablement of property if:

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) the property is exempt by law from such dispossession or disablement.

29. To repossess the Plaintiff's vehicle, the Defendant breached the peace, in violation of California Commercial Code § 9609, thereby extinguishing any present right to possession of the collateral.

30. On April 15, 2025, the Defendant breached the peace (a) by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants' repossession agent to stop the repossession and (b) by recklessly hooking and lifting the Vehicle when that vehicle was occupied.

31. As a result, the Defendant did not have the present right to possession of the Plaintiff's Vehicle once they breached the peace, and they were therefore prohibited from repossessing it.

32. Moreover, after committing their breach of the peace during their attempt to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession.

33. As a result, the Defendant violated 15 USC § 1692f(6) when they repossessed

the Plaintiff's vehicle on April 15, 2025.

34. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the Vehicle - Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

35. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer fear, anger, anxiety, emotional distress, frustration and embarrassment, and by depriving him of the use of his vehicle and the right to pre-repossession judicial process.

36. By reason thereof, Defendant PARAMOUNT is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## <u>SECOND CAUSE OF ACTION</u>

### Violations Of The Rosenthal Fair Debt Collection Practices Act

### (Against All Defendants)

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 11-24 above herein with the same force and effect as if the same

were set forth at length herein.

38. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

39. As set forth above, Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

40. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (B) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C) the property is exempt by law from such dispossession or disablement.

41. To repossess the Plaintiff's vehicle, the Defendants breached the peace, in violation of California Commercial Code § 9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

42. On April 15, 2025, the Defendants breached the peace (a) by continuing with the repossession of the Plaintiff's vehicle in the face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants' repossession agent to stop the repossession and (b) by recklessly hooking and lifting the Vehicle when that vehicle was occupied.

43. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace, and they were therefore prohibited from repossessing it.

44. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession.

45. As a result, the Defendants violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on April 15, 2025.

46. Defendants' actions, listed above, violated the FDCPA and therefore also the RFDCPA, and were done knowingly and willfully.

47. By attempting to illegally repossess the Plaintiff's vehicle in violation of the RFDCPA – and by subsequently illegally repossessing the vehicle – Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect

a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

48. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer fear, anger, anxiety, emotional distress, frustration and embarrassment, and by depriving him of the use of his vehicle and the right to pre-repossession judicial process.

49. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendant's conduct violated the RFDCPA, statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## THIRD CAUSE OF ACTION
## BREACH OF THE PEACE REPOSSESSION
## California Commercial Code § 9609
## (Against All Defendants)

50. The Plaintiff repeats and re alleges paragraphs 11-24 of this Complaint and incorporates the same herein.

51. California only permits self-help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. California Commercial Code § 9609.

52. On April 15, 2025, the Defendants willfully and unlawfully breached the peace (a) by continuing with the repossession of the Plaintiff's vehicle in the

face of Plaintiff's repeated and unambiguous objections and instructions for the Defendants' repossession agent to stop the repossession and (b) by recklessly hooking and lifting the Vehicle when that vehicle was occupied.

53. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

**COUNT IV**

**CONVERSION**

**(Against All Defendants)**

54. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and personal property while breaching the peace.

55. Plaintiff was entitled to immediate possession of his vehicle and personal property when it was seized by Defendants.

56. Defendants wrongfully deprived Plaintiff of possession of his vehicle by seizing it without any present right to do so.

57. The Defendants then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property.

58. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the

Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, in damaging his property and by subjecting him to unfair and unconscionable means to collect a debt.

59. Defendants' illegal activity also harmed the Plaintiff by causing him to suffer fear, anger, anxiety, emotional distress, frustration and embarrassment.

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding the Plaintiff actual damages incurred;

(b) awarding the Plaintiff statutory damages;

(c) awarding the Plaintiff punitive damages;

(d) awarding the Plaintiff the attorneys' fees and expenses incurred in bringing this action;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 18, 2026

Respectfully submitted,

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff